IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRYL LEE GOLDSTEIN, | ) | No. C 12-03980 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| MICHAEL ALVARADO, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a pretrial detainee currently in custody at the San Mateo County Jail, filed the instant civil rights action in <u>pro se</u> pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be granted in a separate written order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Service; Directing Ds to file Disp. Motion
G:\PRO-SE\SJ.EJD\CR.12\03980Goldstein_dwlta.wpd

1

1  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
2  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
3  1988).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5  elements: (1) that a right secured by the Constitution or laws of the United States was
6  violated, and (2) that the alleged violation was committed by a person acting under the
7  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**     **Plaintiff's Claims**

      Plaintiff alleges that at the time of his arrest, Defendant Officer M. A. Alvarado of the South San Francisco Police Department would not allow Plaintiff "to transport his backpack containing his medication and other medical documentation that would have assisted that San Mateo County Jail staff in providing adequate medical care and treatment." (Compl. at 5.)  Plaintiff claims that Officer Alvarado knew of Plaintiff's serious medical problems from his prior contact the day before.  (Id.)  Plaintiff claims that Officer Alvarado ordered Plaintiff's belonging placed in the motel room of the Vagabond Motel by Defendant Officer Gallo over Plaintiff's explicit objections.  (Id. at 6.)  Plaintiff claims that Defendants' actions caused his medical treatment to be delayed, obstructed and denied.  (Id.)  Liberally construed, Plaintiff's allegations are sufficient to state a colorable claim for deliberate indifference to medical needs.  See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

      Plaintiff claims that Officers Alvarado and Gallo denied him access to his legal materials which were also in his backpack.  (Compl. at 11-12.)  Plaintiff claims that he informed both officers that he needed his legal brief in order to prepare for a matter in the Ninth Circuit.  (Id. at 12.)  Plaintiff claims injury in that he was unable to file his brief.  (Id.)  Liberally construed, Plaintiff's claim is cognizable as a denial of his right to access to the courts.

      Plaintiff claims that Officer Alvarado also sought to "instill into the mind of

Order of Service; Directing Ds to file Disp. Motion
G:\PRO-SE\SJ.EJD\CR.12\03980Goldstein_dwlta.wpd

Katherine Grainer a 'perceived threat' that she was afraid of Plaintiff." (Compl. at 7.) This claim against Officer Alvarado, when liberally construed, is cognizable as a claim of unlawful arrest.

Plaintiff claims that Officer Alvarado's actions were sanctioned by the South San Francisco Police Department (SSFPD) and the City of South San Francisco ("City"), and that the Department and City have a policy, practice and procedure of allowing their officers to violate the constitutional rights of citizens. (Id.) Plaintiff claims that Michael Massoni is responsible as the police chief for allowing his officers to violate the constitutional rights of persons like Plaintiff. (Id. at 9.)

Plaintiff's allegations against Chief Massoni are insufficient to state a claim. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, Plaintiff's claim against Chief Massoni is DISMISSED WITH LEAVE TO AMEND, to attempt to show how this defendant was personally involved in a constitutional violation.

With respect to the liability of the SSFPD, the City, and County of San Mateo, Plaintiff's allegations are conclusory and without factual support.[1] Accordingly, his

---

[1] Among Plaintiff's conclusory claims are that the SSFPD as an entity operates "to violate both the due process and Eighth Amendment rights of severely disabled persons" such as Plaintiff, and that the City has a "municipal policy, practice and procedure that allows its police officers to [violate] the constitutional rights of persons like the Plaintiff by delaying and obstructing their health care." (Compl. at 9.) Plaintiff also claims that the SSFPD, the City and County of San Mateo maintains a policy, practice and procedure of

1  claims against them are DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall keep
2  the following in mind in amending his claims.  Local governments are "persons" subject
3  to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional
4  tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978);[2] however, a city or
5  county may not be held vicariously liable for the unconstitutional acts of its employees
6  under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v.
7  Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47
8  F.3d 1522, 1534 (9th Cir. 1995).  To impose municipal liability under § 1983 for a
9  violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a
10 constitutional right of which he or she was deprived; (2) that the municipality had a
11 policy; (3) that this policy amounts to deliberate indifference to the plaintiff's
12 constitutional rights; and (4) that the policy is the moving force behind the constitutional
13 violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th
14 Cir. 1997).  Local government does not cause the alleged violation, and therefore is not
15 liable under § 1983, if it does not have the power to remedy the alleged violation.  See
16 Estate of Brooks v. United States, 197 F.3d 1245, 1248-49 (9th Cir. 1999) (upholding
17 dismissal of § 1983 excessive detention claim against county because under state statute
18 county did not have power either to release federal detainee or bring him before federal
19 judge).

20       To properly plead a claim under Monell, it is insufficient to allege simply that a
21 policy, custom, or practice exists that caused the constitutional violations.  AE v. County
22 of Tulare, 666 F.3d 631, 636-37 (9th Cir. 2012).  Pursuant to the more stringent pleading
23 requirements set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1952 (2009), and Bell Atlantic

---

25 violating criminal defendants' right to a fair trial.  (Id. at 10.)

26 [2]Local governing bodies therefore may be sued directly under § 1983 for monetary,
27 declaratory or injunctive relief for the violation of federal rights.  See Monell, 436 U.S. at
   690.  They are absolutely immune from liability for punitive damages under § 1983,
28 however.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

Corp. v. Twombly, 550 U.S. 544, 553-56 (2007), a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. AE, 666 F.3d at 636-37 (citing Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), which summarized new pleading standards derived from Iqbal, Twombly and related Supreme Court decisions).

      Plaintiff also claims that Officer Alvarado violated his right to a fair trial by coming into a confidential attorney conference and commenting on Plaintiff's confidential notes to a deputy district attorney. (Compl. at 8.) However, to the extent that Plaintiff is attempting to attack his pending criminal trial, this claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-487.[3] A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

      Plaintiff next names as defendants Katherine Grainer, American River Properties, LTD., and Royce Peter for allegedly violating his constitution rights. However, because these are private actors, Plaintiff has no cause of action against them under § 1983.

      Lastly, Plaintiff claims that Michael Merlinger and Coakley Williams are liable for the actions of their employees at the Vagabond Inn in South San Francisco, for misappropriating his property "in concert with the State of California parole staff."

---

[3] Heck applies equally to claims brought under §§ 1983, 1985 and 1986. McQuillion v. Schwarzenegger, 369 F.3d 1091, 1098, n. 4 (9th Cir. 2004).

(Compl. at 11.) Assuming that these private citizens are "state actors," this claim nevertheless fails because Plaintiff fails to allege how their actions violated a constitutional right. Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-01716 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

In the alternative, Plaintiff may file notice that he wishes to proceed only with the claims found cognizable above against Defendants Officer Michael Alvarado and Officer Ken Gallo, and to have all other claims stricken from the complaint.

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED: 10/10/2012

EDWARD J. DAVILA
United States District Judge

Order of Service; Directing Ds to file Disp. Motion
G:\PRO-SE\SJ.EJD\CR.12\03980Goldstein_dwlta.wpd

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DARRYL LEE GOLDSTEIN,

        Plaintiff,

  v.

MICHAEL ALVARADO, et al.,

        Defendants.

Case Number: CV12-03980 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on    10/10/2012    , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein P-79097
San Mateo County Jail
300 Brad St.,
Redwood City, CA 94363

Dated:    10/10/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk