FILED

JUN 20 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE GOLDSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ALVARADO, et al.,<br><br>Defendant. | No. C 12-03980 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK<br><br>(Docket No. 24) |

Plaintiff, a pretrial detainee, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. The Court dismissed the amended complaint with leave to amend, or in the alternative, to file notice that he wishes to proceed only with the cognizable Monell claim, and to have all other claims stricken from the complaint. (See Docket No. 23.) Plaintiff has filed notice that he wishes to pursue the latter course, *i.e.*, to proceed solely with the Monell claim. (Docket No. 24.) The request is GRANTED.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

Order of Service
G:\PRO-SE\EJD\CR.12\03980Goldstein_svc.wpd

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on January 30, 2012, he checked into the Vagabond Inn in South San Francisco as a recently released and disabled parolee. (Am. Compl. at 6.) Plaintiff claims that he was told that the Inn "partnershiped [sic] with the Department of Corrections to house 'high control' parolees." (Id.) Plaintiff claims that immediately upon checking into the Inn, he informed the staff of his serious medical condition and that he needed to have his room cleaned more than once a week. (Id. at 7.) According to Plaintiff, his serious medical condition requires that he wear adult diapers and use bed padding, and also includes pancreatitis problems, advanced glaucoma, hypertension, and cardiovascular problems. (Id. at 7, fn. 1.) Plaintiff also wears medically prescribed "diabetic shoes." (Id. at 8.) On February 1, 2012, Plaintiff had a "pancreatitis attack and incontenant [sic] problem" which he reported to the Inn staff the following morning. Plaintiff informed the Inn management that he had attempted to flush the remainder of a salad down the toilet on which he had also vomited. (Id.) Plaintiff claims that the Inn staff "became furious" at the state of his toilet and that he was later locked out of his room at the instruction of Nara, the Inn manager, who contacted the South San Francisco Police. (Id. at 10.) Plaintiff claims that while they were waiting for the police, he requested

United States District Court
For the Northern District of California

permission to retrieve some items from his room, including his diabetic shoes, reminding Nara about his medical problems. Nara denied his request, stating that she "did not care about [Plaintiff's] 'damn health' and still wanted him out." (Id.) The police arrived, and Plaintiff was subsequently arrested by Defendant Officer Alvarado, for reasons which he does not explain in the complaint. (Id.) Plaintiff claims that his backpack containing legal files and medical prescriptions were taken from him. (Id. at 11.) He states that he informed Officers Alvarado and Gallo that he may have medical problems if he did not have his medication right away while in jail and that he also needed his legal files. (Id. at 11-12.)

After Plaintiff was in jail for a day, he contacted the Office of the Chief of Police of South San Francisco, informing the Office that his medications were in his backpack, and that he needed his legal files and diabetic shoes. Plaintiff was told to write a letter, which he claims he did. (Id. at 12.) Plaintiff also wrote to Manager Nara that he needed his diabetic shoes, and that his "funds" were in his backpack. Although Nara did not reply to Plaintiff's letter, she later responded to a phone call and "became very belligerant [sic]" with Plaintiff. (Id.) Plaintiff thereafter attempted to contact the owners and management company of the Inn to obtain their assistance in retrieving his property, but never got responses to his letters. (Id.)

In his addendum to the amended complaint, Plaintiff asserts a municipal liability claim against the South San Francisco Police Department (SSFPD), the City of South San Francisco ("City") and San Mateo County. (Docket No. 17.) Plaintiff claims that the SSFPD has a "long standing policy of allowing its police officers to make unlawful arrest – deprive arrestee of personal property[] [and] needed medications [sic]." (Id. at 2.) In support he provides the declaration of another parolee who also claims loss of property while at Vagabond Inn. (Docket No. 14.) Plaintiff claims that he had a constitutional right to his medications, legal documents, and his money. (Docket No. 17 at 3.) Plaintiff claims "[i]f not for this moving force 'policy'" he would not have been arrested and deprived of his personal

property. (Id. at 3-4.) Liberally construed, this claim is cognizable. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

In accordance with Plaintiff's wishes, this action shall proceed solely on the Monell claim found cognizable above against SSFPD, the City of South San Francisco and San Mateo County. All other claims are hereby STRICKEN from the amended complaint and the relevant defendants DISMISSED from this action.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 13), all attachments thereto, (Docket Nos. 14-18), and a copy of this order upon **Defendants South San Francisco Police Department**, the **City of South San Francisco**, and **San Mateo County**. The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate all other defendants from this action as all other claims have been stricken from the amended complaint.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the second amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **fifty-six (56) days** from the day on which the request for waiver was sent. (This allows a longer

time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **fifty-six (56) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

      3.     No later than **fifty-six (56) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the second amended complaint found to be cognizable above.

      a.     If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under <u>Wyatt</u> concurrently with Defendants' motion to dismiss. See <u>Woods v. Carey</u>, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

      b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

      4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date

Defendants' motion is filed.

    a.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods</u>, Nos. 09-15548 & 09-16113, slip op. at 7874.**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 24.

DATED: 6/20/13

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DARRYL LEE GOLDSTEIN,

        Plaintiff,

v.

M. ALVARDO, et al.,

        Defendants.

Case Number: CV12-03980 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/20/13, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein P-79097
101 Hyde Street
San Francisco, CA 94102

Dated: 6/20/13

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk